UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-24137-BLOOM/Reid

JEHU HAND,

    Plaintiff,

v.

BRYAN MCKAY, MARK VIAU,
and DOES 1 through 20,

    Defendants.
_____/

## ORDER ON MOTION TO ALTER OR AMEND JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e), ECF No. [10] ("Motion"). For the reasons set forth below, the Motion is denied.

"While Rule 59(e) does not set forth any specific criteria, the courts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004) (citing *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)); *see Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). A motion for reconsideration requests that the Court grant "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). A party may not use a motion for reconsideration to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Village of*

*Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). "This prohibition includes new arguments that were 'previously available, but not pressed.'" *Id.* (quoting *Stone v. Wall,* 135 F.3d 1438, 1442 (11th Cir. 1998) (per curiam)).

Within this framework, however, a court may grant reconsideration when there is (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. *Hood v. Perdue*, 300 F. App'x. 699, 700 (11th Cir. 2008). Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis,* 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotation marks omitted). A motion for reconsideration "is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Hood*, 300 F. App'x at 700 (citation omitted).

In the Motion, Plaintiff argues that the Court should set aside its Order of Dismissal without Prejudice, ECF No. [8] ("Order"), in order to prevent manifest injustice for two principal reasons— due to institutional conditions beyond his control, Plaintiff did not receive the Court's previous orders requiring responses, and more importantly, because Plaintiff faces a statute of limitations issue on his *Bivens* claims and the Court should thus consider his motion to stay, ECF No. [4]. However, Plaintiff's appeal of his criminal conviction is ongoing, and contrary to Plaintiff's assertion, the statute of limitations does not begin to run on § 1983 or *Bivens* claims while Plaintiff exhausts his state or federal remedies. *Abella v. Rubino*, 63 F.3d 1063, 1066 (11th Cir. 1995). Moreover, the Court's Order dismissed Plaintiff's claims without prejudice, meaning that he may

Case No. 19-cv-24137-BLOOM/Reid

refile his claims once he has exhausted his state or federal remedies. As such, no manifest injustice will result.

Accordingly, Plaintiff's Motion, **ECF No. [10]**, is **DENIED**. This case shall remain **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 10, 2019.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Jehu Hand, *pro se*
06494-104
Taft Correctional Institution
Inmate Mail/Parcels
Post office Box 7001
Taft, California 93268